United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Chris Kosachuk, Appellant, | ) | |
| | ) | |
| v. | ) | Bankruptcy Appeal |
| | ) | Case No. 22-22351-Civ-Scola |
| Liza Hazan, aka Elizabeth Hazan, | ) | |
| Appellee. | ) | |

### Order Affirming the Bankruptcy Court

This matter is before the Court upon Chris Kosachuk's appeal of the Bankruptcy Court's order denying his motion to dismiss. (ECF No. 16; BC ECF No. 1221.)[1]

Hazan filed a motion to dismiss Kosachuk's appeal on August 15, 2022. (ECF No. 7.) Kosachuk responded on August 29, 2022. (ECF No. 8.) Hazan filed no reply. Per the Court's order establishing a briefing schedule (ECF No. 10), Kosachuk filed his initial appellate brief on September 14, 2022. (ECF No. 16.) Subsequently, in the interest of judicial economy, Hazan requested that the Court rule on her pending motion to dismiss prior to submitting a response to Kosachuk's brief. (ECF No. 17.)

Having reviewed the parties' submissions, the Bankruptcy Court's order, and being apprised of the record below, the Court **dismisses** Kosachuk's appeal and **grants** Hazan's motion. (**ECF No. 7**). The Bankruptcy Court is **affirmed** for the reasons stated below.

1. **Background**

In 2007, Hazan took out a mortgage to purchase a home on Fisher Island from NLG, LLC ("NLG"), a company then affiliated with Kosachuk. Hazan soon failed to make payment on her mortgage note leading NLG to obtain a default judgment against her in 2008 but matters seem to have only gotten worse. In 2011, NLG again sued Hazan—this time, seeking to foreclose on the mortgage.

While that suit was pending, in 2012, a corporation obtained a $5 million judgment against NLG in unrelated litigation before a New York court. That corporation assigned the judgment to Selective Advisors Group, LLC, an entity controlled by Hazan's husband. Selective recorded the judgment in the Circuit Court for Miami-Dade County, leading a Florida judge to assign NLG's rights and claims against Hazan to Selective for purposes of satisfying the judgment.

---

[1] References to the record in Bankruptcy Case No. 16-10389-AJC, from which this appeal lies, will be styled as "BC ECF No."

Meanwhile, NLG's bid at foreclosing on Hazan's mortgage somehow still pressed on for years. Its efforts seemed to come to fruition when another Florida court—despite the earlier ruling assigning NLG's rights against Hazan to Selective—found that NLG was entitled to a foreclosure judgment in the amount of $4.8 million. Hazan's home was thus scheduled to be sold on January 12, 2016.

However, that, again, was not the end of the story. On January 11, 2016, Hazan filed for relief under Chapter 11 of the Bankruptcy Code thereby staying the sale. That petition has extended through the present day.

On the basis of its $5 million judgment against NLG and the court order entitling it to NLG's claims against Hazan, Selective commenced an adversary proceeding against NLG as spinoff to Hazan's bankruptcy case on August 21, 2016. In it, Selective sought a determination of the nature and extent of NLG's claim to the home. Hazan joined the proceeding two months later. The Plaintiffs voluntarily dismissed Kosachuk from the adversary proceeding, leaving NLG as the sole Defendant in February 2017. (AP ECF No. 74.)[2] The proceeding went to trial and resulted in a final judgment favorable to Selective and Hazan.

In the judgment, the Bankruptcy Court evaluated the seemingly inconsistent Florida court orders concerning the debt owed on Hazan's home. It found that Selective—not NLG—was the proper owner of note and mortgage. It specifically said:

> "NLG has not demonstrated that it owns and holds the Note and Mortgage in question. *Verizzo v. Bank of N.Y.*, 28 So.3d 976, 978 (Fla. 2d DCA 2010). Here, NLG's interest in the Note, as evidenced by the Scola Judgment, was assigned by Judge Lopez to Selective. NLG no longer holds the right to enforce the Note or the Scola Judgment entered on the Note . . . When Judge Lopez assigned the Scola Judgment to Selective, Selective stepped into the shoes of NLG, acquiring standing to foreclose on the Note and Mortgage . . . This Court concludes that NLG has no further rights to any claims against Debtor with respect to the Note and Mortgage . . . NLG's Proof of Claim #17, having been filed after the bar date, [ ] is disallowed and the Court finds that NLG has no standing in this case based upon the Note, Mortgage, claim or lien emanating therefrom[.]"

(AP ECF No. 238 at 8-9, 13.) This Court affirmed the judgment on appeal. *See NLG, LLC v. Hazan et al.*, No. 18-24272, 2019 WL 4541700 (S.D. Fla. Sept. 19,

---

[2] References to the record in the adversary proceeding assigned Bankruptcy Case No. 16-1439-AJC will be styled as "AP ECF No."

2019) (Smith, J.). And that ruling was upheld by the Eleventh Circuit. *See In re Hazan*, 10 F.4th 1244 (11th Cir. 2021).

Nevertheless, Kosachuk recently placed a lien on the Fisher Island home for the eighth time, which interfered with its sale/refinancing as part of Hazan's bankruptcy case. The Bankruptcy Court found Kosachuk in contempt and dissolved the lis pendens. In connection with its contempt finding, the Bankruptcy Court reiterated that it had previously "stated on the record that Chris Kosachuk has no standing and this case, and the Court believes his prior filings were improper efforts to prevent Ms. Hazan from selling or refinancing her property and completing her Plan." (BC ECF No. 1194 at 3.) Kosachuk appealed that order in Case No. 22-22071 before this Court.

This appeal, in turn, deals with the Bankruptcy Court's separate denial of Kosachuk's motion to dismiss Hazan's bankruptcy case, which he filed on June 9, 2022. (BC ECF No. 1161.) Familiarly, the Bankruptcy Court denied that motion because Kosachuk "has no standing in this case, and therefore, no position—is in no position to dismiss the case[.]" (ECF No. 14 at 5:17-23.) Kosachuk says he *does* have standing.

### 2. Legal Standard

This Court functions as an appellate court when reviewing the Bankruptcy Court's orders. *See In re Rudolph*, 233 Fed. App'x 885, 886-87 (11th Cir. 2007) (citing *In re JLJ Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993)). Interpretations of the Bankruptcy Code are questions of law that this Court reviews de novo. *Pollitzer v. Gebhardt*, 860 F.3d 1334, 1338 (11th Cir. 2017). Although the Bankruptcy Court's legal conclusions are reviewed de novo, this Court must accept the Bankruptcy Court's factual findings unless they are clearly erroneous. *In re Rudolph*, 233 Fed. App'x at 886-87. A judgment is clearly erroneous where, "although there is evidence to support it, the reviewing court on review of the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Paramount Citrus, Inc.*, 268 B.R. 620, 621 (M.D. Fla. 2001).

### 3. Discussion

Kosachuk argues that because he is directly affected by the separate contempt order that the Bankruptcy Court entered, he has "standing to challenge the confirmed bankruptcy plan[.]" (ECF No. 30 at 26.) This argument makes little sense. While Kosachuk may have standing to challenge the contempt order entered against him, that does not grant him standing as to the

*underlying case*. Nor does he have standing to challenge the confirmed plan on the basis of Hazan's purported failures under it. (ECF No. 30 at 12.)

The Bankruptcy Court previously found Kosachuk to lack standing because he is "not a creditor in this case nor is he an interested party who has a stake in the outcome of this case or in the administration of the bankruptcy estate." (BC ECF No. 1106.) Indeed, "neither NLG nor Chris Kosachuk have a lien on Debtor's property . . . [and] any alleged lien of NLG on Debtor's property was extinguished or satisfied." (BC ECF No. 932 at 5.) These findings are consistent with the Bankruptcy Court's final judgment in the adversary proceeding, which was handed down in 2017 and has been upheld on review by this Court and the Eleventh Circuit. The Court thus finds that that the Bankruptcy Court's order was proper.

By way of his motion now on appeal, Kosachuk purported to dismiss the entirety of the bankruptcy case, which has been in the making for six years. The Court agrees with Hazan that Kosachuk's instant appeal is subject to preclusion under the doctrine of equitable mootness. Indeed, Kosachuk's appeal is nothing more than a collateral attack on the final judgment of the adversary proceeding, which was handed down five years ago. That is evidenced by the arguments he makes on appeal, which focus entirely on re-hashing the points discussed in his motion to dismiss. In fact, Kosachuk devotes a mere two pages, at the end of his brief, to discussing his "standing." (ECF No. 16 at 25-26.)

The doctrine of equitable mootness applies "in appeals that effectively seek to modify or amend a plan's provisions." *See In re Hazan*, 10 F.4th 1244, 1252 (11th Cir. 2021) (cleaned up). "Among the factors a court should consider in deciding whether to dismiss an appeal for equitable mootness are whether the appellant has obtained a stay pending appeal, whether the plan has been substantially consummated, and whether third parties' rights or the debtor's ability to successfully reorganize would be adversely affected by granting the relief sought by the appellant." *Id.*

All factors here weigh in favor of finding Kosachuk's appeal being found equitably moot. It is not apparent from the record that a stay has been entered pending this appeal; the Eleventh Circuit already found that the "Plan has been substantially consummated," *id.* at 1253; and it is doubtless that parties' rights would be adversely implicated by dismissing the case at this juncture.

### 4. Conclusion

Accordingly, the Court **grants** Hazan's motion (**ECF No. 10**) and **dismisses** this appeal with prejudice. The Bankruptcy Court is **affirmed**.

Any other pending motions are **denied as moot**. The Court suspends any pending deadlines and/or hearings and **directs** the Clerk to **close** this case.

**Done and ordered** in Miami, Florida, on September 27, 2022.

_____
Robert N. Scola, Jr.
United States District Judge